UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| VERONICA PERKINS AND LARRY PERKINS, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR DAUGHTER TRINITY PERKINS | * | CIVIL ACTION |
| | * | CASE NO. 3:16-CV-00291 |
| | * | JUDGE SHELLY D. DICK |
| VERSIS | | |
| | * | MAG. JUDGE ERIN WILDER-DOOMES |
| DILUROD KARIMOV, BOXER EXPERESS, INC. AND SPIRIT COMMERCIAL AUTO RRG | | |

**PLAINTIFF'S FIRST SUPPLEMENTAL, AMENDED AND RESTATED COMPLAINT**

NOW INTO COURT come and appear Plaintiffs, VERONICA PERKINS and LARRY PERKINS, individually and on behalf of their minor daughter, TRINITY PERKINS, of full age of majority and residents of, and domiciled in Tangipahoa Parish, who submit the following supplemental, amended and restated complaint to read as follows:

1.

Made defendants herein are:

a) DILUROD KARIMOV (KARIMOV), an individual of the full age of majority and a resident of Denver, Colorado, who can be served by long arm service at 912 East Mississippi Denver, Colorado 80247.

b) BOXER EXPRESS Inc., a foreign corporation doing business, in the State of Louisiana, which may be served through its Registered Agent, Rentas Lapinskas 129 West 61st St. Westmont, IL 60559.

c) SPIRIT COMMERCIAL AUTO RRG, upon information and belief, a foreign insurance company authorized to do and doing business in the State of Louisiana, which can be served through the Louisiana Secretary of State.

2.

Defendants are indebted to Plaintiff *in solido*, for all damages, together with legal interest from the date of judicial demand until paid, and for all costs, penalties, and attorney fees for the following:

3.

On or about April 18, 2015, Plaintiff, VERONICA PERKINS, was driving a 2001 Dodge Ram bearing license plate X951165. At all times herein, Plaintiff was traveling in the right lane of Southwest Railroad Ave. going Northbound approaching Old Covington Highway in Tangipahoa Parish, State of Louisiana. At the same time and place, co-Plaintiff, TRINITY PERKINS was a passenger in the vehicle.

4.

At the same time, Defendant, KARIMOV was the operator of a 2009 Freight Tractor bearing Colorado license plate number 578XAI, carrying a 2015 Utility trailer bearing license plate number B418085. Both the tractor and trailer were owned by BOXER EXPRESS INC. KARIMOV was traveling in the left lane of Southwest Railroad Ave. going Northbound approaching Old Covington Highway in Tangipahoa Parish, State of Louisiana.

5.

As Plaintiff was approaching the intersection of Southwest Railroad Ave. and Old Covington Highway in the right lane, Defendant, KARIMOV was in the left lane on Southwest Railroad Ave. Suddenly and without warning, Defendant attempted to cross over the right lane to complete a right hand turn onto Old Covington Highway. While attempting to complete the

turn, KARIMOV crossed into the Plaintiff's lane and struck the driver's side area of the Plaintiff's vehicle.

6.

Upon information and belief, and at all pertinent times hereto, SPIRIT COMMERCIAL AUTO RRG provided insurance to the vehicle driven by KARIMOV which covered this casualty and is liable along with KARIMOV.

7.

At all times pertinent hereto, KARIMOV was engaged in the course and scope of his employment with BOXER EXPRESS INC., rendering BOXER EXPRESS INC., vicariously liable for the negligence and acts of KARIMOV.

8.

Defendant was cited with improper turning by the investigating officer.

9.

This accident was in no way caused by the fault of Plaintiff, but was caused by the negligence and/or legal fault of Defendant, KARIMOV, in the following non-exclusive particulars:

    a)      Negligently colliding with Plaintiff's vehicle;

    b)      Improper turning;

    c)      Failing to drive as nearly as practicable within a single lane of traffic;

    d)      Failure to keep a proper lookout;

    e)      Failure to keep his vehicle under control so as to keep it from striking the vehicle occupied by Plaintiff;

f)  Failure to steer his vehicle properly so as to avoid striking the vehicle occupied by Plaintiff;

g)  Failure to determine that his intended path was clear of other vehicle prior to initiating right turn;

h)  Failure to act as a reasonable person under the conditions and circumstances;

i)  Operating his vehicle in a careless and inattentive manner; and

j)  Such other acts and/or omissions as will be shown at the trial of this matter, all of which were in contravention to the exercise of due care, prudence, and the laws of the State of Louisiana, which are specifically pled herein.

10.

BOXER EXPRESS INC., as the employer of KARIMOV, is responsible for KARIMOV's acts because he was in the course and scope of his employment at the time of the incident. Furthermore, BOXER EXPRESS INC. is independently responsible for the fault and negligence and acts of KARIMOV in the following non-exclusive particulars:

a.  Failing to give the proper instructions to KARIMOV in training regarding operation of a vehicle;

b.  Permitting the reckless and negligent operation of a vehicle used for company business driven by KARIMOV;

c.  Failing to ensure its employee acted reasonable while carrying out company business;

d.  Any and all other acts of independent negligence to be shown and discovered through the litigation process.

11.

As a result of the above-described collision, Plaintiffs, VERONICA PERKINS AND TRINITY PERKINS were rushed to the emergency room by ambulance and sustained injuries to their property and person, requiring substantial medical care.  Plaintiffs, VERONICA PERKINS AND TRINITY PERKINS seek reimbursement for special damages, consisting primarily of past,

present, and future medical expenses along with past, present, and future loss of wages and loss of earning capacity. Plaintiffs, VERONICA PERKINS AND TRINITY PERKINS also seek general damages for pain, suffering, mental anguish, inconvenience, and all other compensable items of intangible damage.

12.

Plaintiffs further allege as a direct result of the Defendant's fault, LARRY PERKINS, as the spouse of VERONICA PERKINS, and TRINITY PERKINS, as the daughter of VERONICA PERKINS, have suffered a loss of consortium and loss of society damages for which they are entitled to be compensated by the Defendants, *in solido*, in an amount that is just and reasonable.

13.

All Defendants are subject to in personam jurisdiction within this Court:

1. Defendant, DILUROD KARIMOV, is subject to the in personam jurisdiction of this Court because he caused an injury to the Plaintiffs in this state by an offense committed in this state.

2. Defendant BOXER EXPRESS INC. is subject to the in personam jurisdiction of this Court because it caused an injury to the Plaintiffs in this state by an offense committed in this state. Further, it does sufficient business in the State of Louisiana and within this federal district to confer same, and at all relevant times hereto engaged in commerce both in this federal district and in the State of Louisiana with respect to the activities and claims which are subject to this litigation.

3. Defendant, SPIRIT COMMERCIAL AUTO RRG, is subject to the in personam jurisdiction of this Court because it does sufficient business in the State of Louisiana and within this federal district to confer same, and at all relevant times

hereto purposely availed itself to both this federal district and in the State of Louisiana with respect to the activities and claims which are subject to this litigation.

14.

On April 28, 2016, Defendants filed a notice of removal seeking to remove this case from the 19th Judicial District Court of Louisiana to the United States District Court, Middle District of Louisiana.

15.

In the Defendants notice of removal they claim that the jurisdiction of this Honorable Court is established through diversity jurisdiction under 28.U.S.C. § 1332. Plaintiffs allege to have suffered damages in an amount in excess of $75,000 exclusive of interests and costs. Each named Plaintiff, is for purposes of 28.U.S.C. § 1332, a citizen of a state other than the state(s) in which Defendants are citizens.

WHEREFORE, Plaintiffs pray that, after the lapse of all legal delays and due proceedings are had, there be judgment rendered herein in favor of the Plaintiffs, VERONICA PERKINS and LARRY PERKINS, individually and on behalf of their minor daughter, TRINITY PERKINS against the Defendants, DILUROD KARIMOV, BOXER EXPRESS INC. and SPIRIT COMMERCIAL AUTO RRG for all damages sustained, legal interest from the date of judicial demand until paid, for all the costs of these proceedings, and for all general and equitable relief in the premises.

Respectfully submitted,

JEANSONNE & REMONDET

*/s/Michael J. Remondet, Jr.*
MICHAEL J. REMONDET, JR. (#21046)
Post Office Box 91530
Lafayette, LA 70509
Telephone: (337) 237-4370
Fax: (337) 235-2011
ATTORNEYS FOR PLAINTIFFS,
VERONICA PERKINS and LARRY PERKINS,
individually and on behalf of their minor
daughter, TRINITY PERKINS

AND

ERIK M. TADDA (#21080)
4660 O'Neal Lane, Suite A
Baton Rouge, Louisiana 70817
Telephone: (225) 756-0007
ATTORNEYS FOR PLAINTIFFS,
VERONICA PERKINS and LARRY PERKINS,
individually and on behalf of their minor
daughter, TRINITY PERKINS

## CERTIFICATE

I HEREBY CERTIFY that a copy of the above and foregoing Pleading was this day forwarded to all counsel of record by filing electronically with the Clerk of Court using the CM/ECF system and/or by depositing a copy of same in the United States Mail, postage prepaid and properly addressed.

Lafayette, Louisiana, this 16th day of May 2016.

*/s/ Michael J. Remondet, Jr.*
MICHAEL J. REMONDET, JR.